IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMY R. MITCHELL AND<br>CONNIE MITCHELL, his wife<br><br>Plaintiffs,<br><br>v.<br><br>ATWOOD & MORILL CO., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 15-958-SLR-SRF |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This Report and Recommendation is limited to two motions for summary judgment in this asbestos-related personal injury action. The motions were filed by Defendants Atwood & Morrill Co. ("Atwood") (D.I. 69), and Carrier Corp. ("Carrier") (D.I. 76) (collectively "Defendants").[1] As indicated in the chart *infra* and for the reasons set forth below, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Atwood & Morrill Co. | GRANT |
| Carrier Corp. | GRANT |

## II. BACKGROUND

### A. Procedural History

Jimmy and Connie Mitchell ("Plaintiffs") filed this asbestos action in the Delaware

---

[1] After filing a motion for summary judgment, Defendant Warren Pumps LLC was voluntarily dismissed from this action, rendering the motion moot. (D.I. 81, 85) Defendants Nash Engineering Company and Foster Wheeler LLC also filed motions for summary judgment. (D.I. 70, 72) Those motions are sub judice pending oral argument on September 12, 2016.

Superior Court against multiple defendants on July 30, 2015, asserting personal injury claims arising from Mr. Mitchell's alleged exposure to asbestos. (D.I. 1, Ex. A) Defendant Foster Wheeler removed the action to this court on October 22, 2015. (*Id.*) Atwood filed its motion for summary judgment on June 10, 2016. (D.I. 69) Carrier filed its motion on June 24, 2016. (D.I. 76) Plaintiffs did not respond to Defendants' motions. On July 27, 2016, Counsel for Carrier filed a letter with the court seeking dismissal given Plaintiffs' failure to oppose its summary judgment motion. (D.I. 88)

### B. Facts

#### 1. Plaintiffs' alleged exposure history

Plaintiffs allege that Mr. Mitchell developed lung cancer as a result of exposure to asbestos-containing products, in part during the course of his employment as a boiler fireman with the U.S. Navy from 1976 to 1979.[2] (D.I. 1, Ex. A at ¶ 3) Plaintiffs contend that Mr. Mitchell was injured due to exposure to asbestos-containing products that Defendants manufactured, sold, distributed, or installed. (*Id.*, Ex. A at ¶ 11) Accordingly, Plaintiffs assert negligence, punitive damages, strict liability, and loss of consortium claims. (*Id.*, Ex. A)

Mr. Mitchell was deposed on December 8, 2015. (D.I. 69 at 2) Plaintiffs did not produce any other fact witness for deposition. (D.I. 56 at ¶ 4(c)(iv)) Mr. Mitchell testified that he left high school just before graduation in 1976 and joined the Navy. (D.I. 79, Ex. A at 77:23–78:3) After training, in 1977, he was assigned to the USS Gridley in San Diego as a board technician. (*Id.*, Ex. A at 83:10–84:9) He remained there throughout his enlistment until 1979. (D.I. 77, Ex.

---

[2] Plaintiffs allege that exposure also occurred while working for other employers, and while completing personal maintenance projects. (D.I. 1, Ex. A at ¶¶ 3, 6) However, Mr. Mitchell alleges that his exposure to the moving Defendants' products only occurred while he was employed by the Navy.

2

A at 84:6–24)

### 2. Plaintiffs' product identification evidence

#### a. Atwood

Atwood represents that there is no evidence in the record regarding exposure to an Atwood product. (D.I. 69 at 2) Plaintiffs have not responded with any evidence in the record of product identification as to the moving Defendant.

#### b. Carrier

Mr. Mitchell testified that he replaced and repaired external insulation attached to Carrier forced draft blowers on the USS Gridley. (D.I. 77, Ex. A at 135:3–23) He did not work on the internal components of the blowers. (*Id.*, Ex. A at 135:6–8) Mr. Mitchell testified that he replaced the external insulation "numerous times." (*Id.*, Ex. A at 135:20–23)

## III. LEGAL STANDARDS

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the

light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*, Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[3] A plaintiff's failure to respond "is not alone a sufficient basis for the entry

---

[3] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the

4

of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, Civil No. 12-2122, 2014 WL 3783878, at *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Servs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

**B. Maritime Law**

The parties agree that maritime law applies. (D.I. 56 at ¶ 10) To establish causation in an asbestos claim under maritime law, a plaintiff must show that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor[4] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)). Other courts in this Circuit

---

pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

[4] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, E.D. PA Civil Action No. 2:09-69578, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement indicate that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (1965).

recognize a third element and require a plaintiff to "show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged."[5] *Abbay v. Armstrong Int'l, Inc.*, E.D. PA Civil Action No. 2:10-CV-83248-ER, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012).

"In establishing causation, a plaintiff may rely upon direct evidence...or circumstantial evidence [to] support an inference that there was exposure to the defendant's product for some length of time."[6] *Id.* (citing *Stark*, 21 F. App'x at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient to establish causation. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492).

## IV. DISCUSSION

### A. Atwood

Atwood's motion for summary judgment should be granted. Atwood asserts that there is "a complete absence of evidence" regarding exposure to an asbestos-containing Atwood product

---

[5] The majority of federal courts have held that, under maritime law, a manufacturer has no liability for harms caused by, and no duty to warn about hazards associated with, a product it did not manufacture or distribute. This is also referred to as the "bare metal" defense. *See Dalton v. 3M Co.*, Civil Action No. 10-0113-SLR-SRF, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013), *report and recommendation adopted*, 2013 WL 5486813 (D. Del. Oct. 1, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

[6] However, "'*substantial* exposure is necessary to draw an inference from circumstantial evidence that the exposure was a *substantial* factor in causing the injury.'" *Stark*, 21 F. App'x at 376 (quoting *Harbour v. Armstrong World Indus., Inc.*, No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991) (emphasis in original)).

6

"because there are no facts on the record relative to Atwood." (D.I. 69 at 3–4) Because Plaintiffs have not set forth any evidence to refute this assertion, there is no evidence to establish that exposure to an Atwood product was a substantial factor in causing Mr. Mitchell's alleged injury. *Lindstrom*, 424 F.3d at 492 (citing *Stark*, 21 F. App'x at 375).

Therefore, judgment is warranted is a matter of law, and Atwood's motion for summary judgment should be granted.

### B. Carrier

Carrier's motion for summary judgment should be granted. Carrier argues that the evidence does not show that it manufactured or supplied the insulation from which Mr. Mitchell alleges exposure. (D.I. 77 at 9)

Under maritime law, a manufacturer has no liability for harms caused by a product it did not manufacture or distribute. *See Dalton v. 3M Co.*, Civil Action No. 10-0113-SLR-SRF, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013), *report and recommendation adopted*, 2013 WL 5486813 (D. Del. Oct. 1, 2013). Mr. Mitchell only associates asbestos with external insulation on Carrier blowers. (D.I. 77, Ex. A at 135:3–23) However, Carrier submitted an affidavit from Allen Hopkins, Contract Manger-Marine Systems Group for Carrier, indicating that Carrier did not manufacture such asbestos-containing insulation. (*Id.*, Ex. B) Mr. Hopkins avers that Carrier did not externally insulate its Navy equipment with asbestos-containing insulation, Carrier did not require or recommend the use of asbestos, and the equipment did not need to be externally insulated with asbestos-containing insulation. (*Id.*, Ex. B at ¶¶ 6–8) Plaintiffs do not submit any evidence to dispute this sworn testimony. Accordingly, there is no evidence to establish that exposure to an asbestos-containing Carrier product was a substantial factor in causing Mr. Mitchell's alleged injury. *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005)

7

(citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)).

Therefore, judgment is warranted is a matter of law, and Carrier's motion for summary judgment should be granted.

## V. CONCLUSION

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Atwood & Morrill Co. | GRANT |
| Carrier Corp. | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 29, 2016

Sherry R. Fallon
United States Magistrate Judge