IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JIMMY R. MITCHELL and CONNIE MITCHELL, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-958-SLR/SRF |
| | ) | |
| ATWOOD & MORILL CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this  9th  day of January, 2017, having reviewed the objections

filed by plaintiffs to the Report and Recommendation issued by Magistrate Judge Fallon

on September 16, 2016, as well as the response thereto submitted by defendant Foster

Wheeler LLC;

IT IS ORDERED that the Report and Recommendation (D.I. 94) is affirmed and

the objections (D.I. 97) overruled, for the reasons that follow:

1. **Legal standard.** A district judge is charged with conducting a de novo review

of a magistrate judge's report and recommendation to which specific, written objections

are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks,* 885 F.2d 1099, 1106 n.3

(3d Cir. 1989). The district judge may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b)(3). Although review is de novo, the district judge, in exercising her

sound discretion, is permitted to rely on the recommendation of the magistrate judge to

the extent she deems proper. *United States v. Raddatz,* 447 U.S. 667, 676-677 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

2. **Background.** Plaintiffs Jimmy and Connie Mitchell filed the above captioned asbestos action in the Delaware Superior Court against multiple defendants, asserting personal injury claims proximately caused by Mr. Mitchell's alleged exposure to asbestos. (D.I. 1, ex. A)  Defendant Foster Wheeler LLC removed the action to this court and, after the pursuit of discovery, filed a motion for summary judgment. (D.I. 72) Magistrate Judge Fallon has recommended that such motion be granted, finding that plaintiffs had not identified evidence sufficient to create a genuine issue of material fact "as to whether Foster Wheeler manufactured and distributed asbestos-containing boiler components, from which Mr. Mitchell alleges exposure." (D.I. 94 at 11)  Plaintiffs object to the entry of summary judgment, arguing that the record, when viewed in the light most favorable to them, supports an inference that Mr. Mitchell was exposed to asbestos that was original to the boilers that he worked on while aboard the U.S.S. Gridley, which boilers were manufactured by Foster Wheeler.

3. **Analysis.** No objection has been posed to the application of maritime law to the instant asbestos claim. As such, plaintiffs at bar have the burden to demonstrate that: (1) Mr. Mitchell was exposed to Foster Wheeler's product; (2) Foster Wheeler manufactured or distributed the asbestos-containing product to which exposure is alleged; and (3) such product was a substantial factor in causing the injury plaintiffs, claim. *See Lindstrom v. A-C Prod. Liab. Trust,* 424 F.3d 488, 492 (6th Cir. 2005); *Abbay v. Armstrong Int'l, Inc.,* 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012).

2

With respect to the third prong, "[i]n establishing causation, a plaintiff may rely upon direct evidence . . . or circumstantial evidence [to] support an inference that there was exposure to the defendant's product for some length of time." *Id.* (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. Appx. 371, 385 (6th Cir. 2001). However, a plaintiff "must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492).

4. The issue, therefore, is that of causation, and whether there is sufficient evidence of such to warrant trial. There is no dispute that Mr. Mitchell was exposed to the Foster Wheeler boilers. Mr. Mitchell testified that he worked with the boilers' burner box and steam and sludge drums. The burner box was lined with a brick and mortar mix that "had to" contain asbestos because of the high heat application.[1] (D.I. 97, ex. A at 1931-32)[2] The steam and sludge drums were covered with external insulation which, again, "had to" contain asbestos "for the super heated steam that came through with the super heat." (*Id.* at 1919, 1922-23) Finally, Mr. Mitchell testified that there was a gasket on the door to the sludge drum that contained asbestos. (*Id.* at 1934; ex. B at 1989) Plaintiffs also provided an affidavit of a former Foster Wheeler employee, who averred that in the 1950s, asbestos-containing insulation was used extensively on Foster Wheeler boilers. (*Id.*, ex. C)

5. Based on the above evidence, plaintiffs argue that the record contains

---

[1]Mr. Mitchell neither installed nor replaced the mortar, but scraped off the mortar to prepare for its replacement.

[2]Electronic pagination.

3

sufficient evidence to support a reasonable inference that Mr. Mitchell was more than minimally exposed to asbestos-containing insulation or components when he worked on the Foster Wheeler boilers aboard the U.S.S. Gridley. Defendants argue in response that, without evidence relating to either the age of the boilers or the maintenance schedules imposed by the Navy, there is no evidence that the particular insulation products and components identified by Mr. Mitchell were actually manufactured by Foster Wheeler (even assuming that they contained asbestos).

6. Although plaintiff cite to older district court cases for the proposition that defendants should be held responsible for the intended and foreseeable use of asbestos parts in their original products (D.I. 98 at 6-9), the Third Circuit more recently has indicated otherwise, finding that plaintiffs in *In re Asbestos Prods. Liab. Litig. (No. VI)*, 837 F.3d 231 (3d Cir. Sept. 13, 2016), failed to proffer evidence that answered the "crucial question of whether the original, asbestos-containing [components were] present in the [boiler] during maintenance. Nor does it answer the question of whether, if replacement [components were] present . . .[they] were manufactured by" Foster Wheeler. *Id.* at 237.[3]

7. **Conclusion.** I see no error in Magistrate Judge Fallon's application of the relevant law to the facts of record, nor in her conclusion that plaintiffs have proferred insufficient evidence to create a genuine issue of material fact so as to preclude entry of

---

[3]Although the above cited case was decided under Indiana law, Magistrate Judge Fallon correctly concluded that the summary judgment standard for liability in an asbestos matter under Indiana law, where the plaintiff "must provide evidence sufficient to support an inference that he inhaled [a significant amount] of asbestos dust from the defendant's product," is similar to the "substantial factor" standard under maritime law. *See id.* at 236; *Lindstrom*, 424 F.3d at 492. (D.I. 94 at 12 n.7)

4

summary judgment.

THEREFORE, IT IS FURTHER ORDERED that the summary judgment motions filed by defendants Nash Engineering Co. (D.I. 70)[4] and Foster Wheeler LLC (D.I. 72) are granted.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to enter judgment in favor of defendants Nash Engineering Co. and Foster Wheeler LLC, and against plaintiffs.

United States District Judge

---

[4]Plaintiffs filed no objections to the recommended entry of summary judgment in favor of defendant Nash Engineering Co.

5